In the Matter of CLARENCE W. NUTT, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, February 29, 1968.

*John G. Bonomi* of counsel (*Michael Franck* with him on the brief), for petitioner.

*Humphrey Statter* for respondent.

*Per Curiam.* Petitioner was admitted to practice in the Second Judicial Department on June 10, 1925. On February 1966 an information was filed against him in the United States District Court for the Southern District of New York charging him with failure to file Federal income tax returns for the years 1959, 1960 and 1961. On May 26, 1967 he was convicted on his plea of guilty to the count of the information pertaining to the year 1960, was given a suspended sentence, fined $1,000, and placed on unsupervised probation for one year. The remaining counts of the information were dismissed. These facts were disclosed by petitioner in a petition filed by him with this court in which he requested the court to take such action as may be just and proper.

This court by order entered July 13, 1967, appointed respondent the Association of the Bar of the City of New York to prosecute the proceeding and designated a Referee to take testimony with reference to the petition and to report the same with his opinion to this court. The evidence before the Referee disclosed that petitioner failed to file Federal and State income tax returns from 1955 until his failure was discovered by the Federal authorities and that he thereafter failed to take any steps to adjust his State tax liability, hoping that his failure to file State tax returns would go unnoticed.

The derelictions of petitioner constituted professional misconduct within the meaning of subdivision 2 of section 90 of the Judiciary Law, consisting of violations of canons 29 and 32 of the Canons of Professional Ethics which respectively enjoin upon attorneys the requirement of upholding the honor and dignity of the legal profession and observance of statute law. (*Matter of Landis*, 21 A D 2d 488.)

In view of the petition by which this proceeding comes before this court, the only question to be determined is what discipline,

if any, the court should impose on petitioner. The "extenuating circumstances" upon which respondent relies consist of petitioner's continuous and serious illness since 1953, attested by letters from his physician, the illness — cancer — and the resulting death of his wife, the death of his brother, who had been his office associate and manager, and that he never concealed the full amount of his income or his delinquency in filing returns. Although insufficient to excuse his derelictions these are factors inescapably to be considered on the question of appropriate sanction.

In doing so, and in confirming the report of the learned Referee, which we now do, we take particular note of the statement of the Referee in his report that "The illnesses and the other misfortunes which befell petitioner during the years 1955 to 1962 did not prevent him from continuing to practice law during those years, and he evidently did so to a substantial extent", and that "One who was able to carry on his law practice to that extent cannot be heard to say that he was physically or mentally incapacitated from preparing his income tax returns during the same period".

Under all the circumstances, in view of petitioner's age and otherwise blameless professional and personal record, we conclude that suspension for a period of one year would be appropriate.

Petitioner should be suspended for a period of one year.

STEVENS, J. P., CAPOZZOLI, TILZER, McGIVERN and McNALLY, JJ., concur.

Petitioner suspended for a period of one year effective March 29, 1968.